UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YAO WU,

                                    Plaintiff,

            -against-

BDK DSD, and JOHN DOES 1-10,
                                    Defendants.
-------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 2 2 2015   ★

BROOKLYN OFFICE
NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-5402 (CBA)(SMG)

**AMON, Chief United States District Judge:**

Plaintiff Yao Wu, a resident of California, commenced this action alleging that defendants
BDK DSD and John Does 1-10, internet hackers whose identities and domiciles are unknown,
stole 24 domain names registered in his name. (D.E. # 1 Compl. ¶¶ 3–4, 8–9.) No defendant has
appeared in this action, and the Clerk of Court entered a default against BDK DSD on November
17, 2014. (D.E. # 7.) This Court referred Wu's subsequent motion for default judgment, (D.E. #
8–10), to the Honorable Steven M. Gold, United States Magistrate Judge, (D.E. dated 12/09/2014).
Now before the Court is Magistrate Judge Gold's Report and Recommendation ("R&R"), which
concludes that the Court lacks personal jurisdiction over defendants. Accordingly, Magistrate
Judge Gold recommends denial of Wu's motion for default judgment and sua sponte dismissal of
his complaint.

When deciding whether to adopt a report and recommendation, a district court "may accept,
reject, or modify, in whole or in part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection
has been made, "a district court need only satisfy itself that there is no clear error on the face of
the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011)
(internal quotation marks and citation omitted). When specific objections are made, "[t]he district
judge must determine de novo any part of the magistrate judge's disposition that has been properly

1

objected to." Fed. R. Civ. P. 72(b)(3). No party has objected to Magistrate Judge Gold's recommendation that the motion for default judgment be denied because Wu has failed to allege a factual basis for this Court's assertion of personal jurisdiction over defendants. The Court has therefore reviewed this recommendation for clear error and, finding none, adopts the recommendation and supporting analysis as the opinion of the Court.

Wu does object, however, to the recommendation that the Court dismiss this action and instead asks the Court to transfer this action to the District of Arizona. (D.E. # 14.) In so doing, Wu relies on new facts not averred in his complaint or supported by an affidavit, and not raised before Magistrate Judge Gold. Because these facts and arguments were not raised before Magistrate Judge Gold, "they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation." Robinson v. Keane, No. 92 Civ. 6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999); see also Grant v. Bradt, No. 10 Civ. 394 (RJS), 2012 WL 3764548, at *4 (S.D.N.Y. Aug. 30, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." (internal quotation marks and citation omitted)). Accordingly, the Court declines to consider Wu's objection.[1] See Frasier v. McNeil, No. 13 Civ. 8548 (PAE)(JCF), 2015 WL 1000047, slip op. at *2 (S.D.N.Y. Mar. 5, 2015).

Because Wu has not levied a cognizable objection to the R&R, the Court also reviews for clear error Magistrate Judge Gold's recommendation that this action be dismissed sua sponte for lack of personal jurisdiction. Given that Wu has now been given an opportunity to respond and

---

[1] Pursuant to Federal Rule of Civil Procedure 72(b)(2), defendants have 14 days to respond to Wu's objection after being served with a copy. Because the Court declines to consider Wu's objection, the Court need not wait until those 14 days have lapsed to resolve the pending motion, particularly given that defendants' identities remain unknown.

makes no effort to establish that personal jurisdiction lies in this district,[2] the Court adopts this recommendation and dismisses Wu's complaint without prejudice. See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213–14 (2d Cir. 2010) (affirming district court's sua sponte dismissal for lack of personal jurisdiction after giving plaintiff an opportunity to establish that the court's personal jurisdiction over non-appearing defendants).

The Court likewise declines to entertain Wu's motion for transfer, which relies on evidence not properly before the Court.[3] See Cornell v. Assicurazioni Generali, S.p.A., No. 98 Civ. 9186 (MBM), 2000 WL 1191124, at *1 (S.D.N.Y. Aug. 22, 2000) ("Plaintiffs make allegations in their memoranda of law and related appendices that do not appear in their complaints or affidavits. I may not consider them."); Largenberg v. Sofair, No. 03 Civ. 8339 (KMK), 2006 WL 2628348, at *4 (S.D.N.Y. Sept. 11, 2006) (plaintiff cannot rely on facts asserted in memorandum of law not raised in complaint or supporting affidavits).

## CONCLUSION

For the reasons discussed above, the Court adopts the R&R as the opinion of the Court and dismisses Wu's action without prejudice for lack of personal jurisdiction. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 2/ , 2015

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[2] It is not clear to the Court why this action was brought in the Eastern District of New York in the first instance, as there appears to be no link to this District other than the fact that Wu's counsel's office is located in Brooklyn.

[3] The Court is mindful that "[a] district court has the power to transfer a case to another judicial district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) whether or not the transferor court has personal jurisdiction over the defendant." Volkswagen de Mexico, S.A. v. Germanischer Lloyd, 768 F. Supp. 1023, 1038 (S.D.N.Y. 1991) (citing Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978)). The Court nonetheless declines to adjudicate Wu's motion for transfer because, as discussed above, the motion relies entirely on evidence not properly before the Court.